## ROSSITER *v.* RUSSELL.

Where the right to construct a highway has been acquired by a tender of the damages assessed to a land owner, an action of trespass will not lie against the agent of the town, who is employed in building the road.

After the right to build a road has once attached, it is not divested by a subsequent demand of, and refusal to pay, the damages assessed.

TRESPASS, *quare clausum.* Defence, that the defendant entered, as the agent and servant of the selectmen, and constructed a highway, duly laid out over the *locus in quo.*

Upon the trial it appeared that in March, 1844, Charles Gleason held a mortgage of the premises, made by T. S. Gleason, and that the plaintiff was the purchaser of the equity of redemption. The premises were in the possession of a tenant. There was evidence that Charles Gleason, before the laying out of the highway, entered for the purpose of foreclosing his mortgage, giving notice to the tenant to pay the rent to him.

At the hearing before the selectmen, upon the occasion of laying out the road, November 6, 1844, the selectmen assessed the damages to Gleason, both parties claiming them. November 26, 1844, the plaintiff paid Gleason the amount due upon the mortgage, and Gleason assigned to him all his right to the damages. March 6, 1845, the selectmen tendered to Gleason the amount of the damages assessed, who replied that they belonged to the plaintiff. On the 8th of March they offered the money to the plaintiff, but he declined to receive it. On the 10th of March they contracted with the defendant to construct the road by the 15th of June, then next. On the 26th of May the plaintiff demanded the damages of the new board of selectmen, who refused to make payment.

The court instructed the jury that a tender of the

damages to Gleason on the 6th of March, and an offer to the plaintiff on the 8th, they both declining to receive them, gave the right to the selectmen to enter and build the road; and that the refusal of the selectmen to pay the damages to the plaintiff, when demanded, on the 18th of May, did not take away the right, previously acquired by the tender, to enter and build the road; and that, although this demand and refusal might give the plaintiff a right of action to recover the money, it would not make the selectmen or their agent liable in trespass. To which instructions the plaintiff excepted.

The jury returned a verdict for the defendant, which the plaintiff moves to set aside, and for a new trial.

*Gates*, for the plaintiff.

*Leland*, for the defendant.

PARKER, C. J. We need not inquire, at this time, whether the plaintiff is entitled, on these facts, to maintain an action in his own name to recover the damages which were assessed to Gleason. It is clear that Gleason's assignment could, of itself, give only an equitable right to recover them. Whether, being assessed to a mortgagee, the payment of the mortgage money in full, by the purchaser of the equity, may not operate, in law, to transfer the right of recovery to him, is a question which would arise if the plaintiff was seeking to recover in his own name, in an action founded upon his demand, and the refusal to make payment to him.

We are clear that this action cannot be maintained. The selectmen tendered the amount of the damages to Gleason, and then offered the money to the plaintiff under such circumstances as made it equivalent to a tender. This was all which they were bound to do. It is well argued by the defendant's counsel, that upon this they

had the right to cause the road to be constructed, and that, having made a contract for that purpose, they did not lose the right by a subsequent demand and refusal.

The defendant was bound by his contract to enter and construct the road, if he might lawfully do so, and the demand of the plaintiff and the refusal of the selectmen, whatever may have been the reason of that refusal, did not annul the contract, nor put the plaintiff to a claim for damages for a breach of it, on the ground that the refusal of the selectmen had deprived him of the power to perform it. The right to take the land was fully perfected by the laying out of the highway and the tender of the damages. It was not lost or forfeited by the subsequent refusal.

The plaintiff may recover the damages in some form of action, as a mortgagee may recover his mortgage money, on a subsequent demand, when he had refused it upon a tender; although, by the tender and refusal, the land was released from the incumbrance of the mortgage.

*Judgment on the verdict.*